IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 10-633-2 |
| RONNIE TOLBERT | |

## MEMORANDUM OPINION

Defendant Ronnie Tolbert moves for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of the dangers posed by the COVID-19 pandemic. For the reasons that follow, his motion will be denied.

I.  BACKGROUND

Ronnie Tolbert is currently serving a 25-year sentence for the armed robbery of two pharmacies in June and July of 2010. During both robberies, Tolbert entered the pharmacies and demanded prescription drugs at gunpoint. On February 27, 2012, Tolbert pled guilty to conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a), two counts of interference with interstate commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), and two counts of using and carrying a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1).[1] Tolbert was sentenced to 300 months' imprisonment and five years of supervised release. He has served approximately 145 months of his sentence, including credit for good conduct. He is currently serving his sentence at FCI Hazelton.

Tolbert requested compassionate release from the warden of FCI Hazelton on or about July 21, 2020, which request was denied. On March 1, 2021, Tolbert filed this motion pursuant

---

[1] One of these counts was later dismissed to ensure that Tolbert would receive the recommend sentence from his plea agreement.

to 18 U.S.C. § 3582(c)(1)(A)(i), requesting compassionate release due to his chronic asthma, sickle cell trait, and obesity, in light of the COVID-19 pandemic. The Government opposes his motion, arguing that the factors set forth in 18 U.S.C. § 3553(a) weigh against his release.

## II. DISCUSSION

The First Step Act's amendments to Section 3582(c) "allow incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons." *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term of imprisonment. . . ."). Specifically, provided the defendant has exhausted his administrative remedies, Section 3582(c) permits a district court to reduce a defendant's sentence "after considering the factors set forth in section [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling circumstances warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's applicable policy statement essentially mirrors this language, adding that a sentence reduction may be granted only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(1)(A)(2).

Because Tolbert has exhausted his administrative remedies by unsuccessfully seeking compassionate release from the warden of FCI Hazelton,[2] his sentence may be reduced if: 1) extraordinary and compelling circumstances warrant such a reduction, 2) he is not a danger to the safety of another person or to the community; and, 3) release is appropriate in consideration the

---

[2] *See* 18 U.S.C § 3582(c)(1)(A) (explaining that a defendant may bring a motion for compassionate release pursuant to this Act after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility).

relevant factors set forth in Section 3553(a).

      A.      **Extraordinary and Compelling Circumstances**

While Section 3582 does not define "extraordinary and compelling" circumstances that warrant relief, the Sentencing Commission's policy statement elaborates on the term in an application note. *See* U.S.S.G. § 1B1.13, cmt. n.1(A)-(D). According to U.S.S.G. § 1B1.13, a defendant's serious physical or medical condition is "extraordinary and compelling" if it "substantially diminishes [defendant's ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *Id.* It is the defendant's burden "to prove extraordinary and compelling reasons exist." *United States v. Adeyemi*, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020).

According to Tolbert's medical records, he is 33 years old and presents with a Body Mass Index (BMI) of 42.4 and asthma.[3] The Government concedes that, under U.S.S.G. § 1B1.13 n.1, Tolbert's obesity presents "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" during the COVID-19 pandemic. Tolbert has a BMI of about 42, which the Center for Disease Control (CDC) classifies as severely obese. *See* Center for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Mar. 29, 2021). The CDC warns that obesity is an underlying medical condition that can make a person more likely to experience severe illness in the event of a COVID-19 infection. *Id.* Tolbert therefore demonstrates a basis for compassionate release.

---

[3] Tolbert also has sickle cell trait, which means that he carries a gene marker for the disease that he could pass genetically to his children. *See* Center for Disease Control, *What You Should Know About Sickle Cell Trait*, https://www.cdc.gov/ncbddd/sicklecell/documents/factsheet_sickle_cell_trait.pdf (last visited Mar. 30, 2021). Tolbert does not, however, suffer from sickle cell disease.

**B.     Section 3553(a) Factors**

Nevertheless, Section 3582(c) permits a district court to reduce a defendant's sentence based on a qualifying medical condition only "after considering the factors set forth in section § 3553(a)[4] to the extent that they are applicable[.]" 18 U.S.C. § 3582(c)(1)(A). In consideration of the relevant factors under Section 3553(a), in particular the seriousness of Tolbert's violent armed robbery offenses and the remaining time on his sentence, his request for compassionate release will be denied.[5]

Section 3553(a) directs the court to consider the nature and circumstances of the offense, as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence to criminal conduct. Release after serving less than half of his sentence would fail to reflect the seriousness of Tolbert's conduct, which included threatening pharmacists with a firearm in order to steal prescription drugs during two separate armed robberies. *See United States v. Daniels*, 2020 WL 4674125, at *3 (E.D. Pa. Aug. 12, 2020) (finding that "compassionate release at this stage . . . would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for his offense" where inmate suffered from obesity, but has served less than half of 180-month sentence as an armed

---

[4] Section 3553(a) directs a sentencing court to consider, as relevant here:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

[5] Because the Court finds release incompatible with the Section 3553(a) factors, there is no need to address whether Tolbert poses a danger to the safety of another person or the community as provided in 18 U.S.C. § 3142(g).

4

career criminal). Such conduct endangered the lives of pharmacy customers and employees. One of these pharmacists was over eight months pregnant at the time of the robbery and describes feeling terrified of Tolbert. A reduction of over half his sentence would fail to adequately deter those who contemplate similar conduct.

Section 3553(a) also directs the court to consider the relevant characteristics of the defendant—here, his health concerns—and the need to provide for medical care in the most effective manner. *See* 18 U.S.C. § 3553(a)(2)(D). Neither of these factors weigh in favor of compassionate release. Tolbert's health concerns appear appropriately managed by FCI Hazelton despite the COVID-19 pandemic. Tolbert takes no medication related to his obesity, and he is prescribed an albuterol inhaler to treat his asthma as needed. He does not allege that he was been denied treatment or that his medical care has been inadequate. While Tolbert's obesity places him at risk should he contract COVID-19, he does not appear to be at a significant risk infection at FCI Hazelton, which currently has only four incarcerated persons infected with COVID-19. *See* Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Mar. 30, 2021); *see also United States v. Buckman*, 2020 WL 4201509, at *4 (E.D. Pa. July 22, 2020) ("When prisons can keep the number of positive COVID-19 cases low . . . the risk of exposure is too speculative to render the circumstances extraordinary and compelling.").

Finally, granting the Tolbert's request for relief would result in an unwarranted disparity with his cooperating co-defendant. *See* 18 U.S.C. § 3553(a)(6). Tolbert's release after 145 months would place his sentence below the 168-month sentence of his co-defendant who drove the getaway car (and therefore did not brandish a firearm) and cooperated significantly with the Government. Such a disparity is not warranted under these circumstances.

An appropriate order follows.

**March 30, 2021**                                    **BY THE COURT:**

*/s/ Wendy Beetlestone*
_____
**WENDY BEETLESTONE, J.**